Wickham, J.
The petition in this case was filed by C. H. Huston, as prosecuting attorney of Richland county, Ohio, who sues on behalf of the county of Richland, to recover the sum of $18,500, which he alleges was illegally drawn from the treasury of Richland county by the defendants.
A summary of the facts on which the action is predicated is:.
That the defendants, on the 19th day of September, 1903, received from the treasury of Richland county, out of the public moneys in the hands of the treasurer, the sum of $18,500 as compensation for legal services rendered by them; that the defendants and Charles Bnunfield, the then treasurer of Richland county, entered into an agreement by which the defendants received said sum of $18,500, without authority of law, as the defendants at the time well knew.
The petition further avers that on or about the 15th day of October, 1901, the then auditor of Richland county placed upon the general tax duplicate against W. S. Kerr and M. M. Parker, executors of the estate of John Sherman, deceased, the sum of $263,928.42 as personal taxes which had theretoforé been omitted; that the auditor immediately after placing said taxes upon the duplicate, certified the same to the county treasurer for collection ; that thereupon the treasurer by and through the defendants brought an action in the Court of Common Pleas of Rich-land County for the recovery of the said sum of $263,928.42 against the said W. S. Kerr and M. M. Parker, as such executors; that thereafter the suit brought by the defendants was settled, by the terms of which the said W. S. Kerr and M. M. Parker, as such executors, paid to the county treasurer the sum of $59,523.81; that thereupon the defendants presented to the board of commissioners of Richland county a claim for attorney fees in the case brought by them for the treasurer against said executors in the sum of $18,500, and that the same was *62 thereupon allowed and paid out of the county funds of Rich-land county; that the amount of money so received by the defendants was greatly in excess of the actual value of the services performed by them.
The remaining allegations of the petition are to the effect that the money so - allowed by the county commissioners and paid to the defendants by the treasurer of the county was without authority of law and illegal.
To this petition the defendants filed an answer containing six defenses, to which a general demurrer was filed by the relator to each of the second, third, fourth, fifth and sixth defenses, and the cause is submitted to the court on that demurrer.
. The demurrer searches the record, and the rale of pleading is that upon a demurrer the court will view the whole record and give judgment to the party who thereon appears entitled to it. Trott v. Sarchett, 10 O. S., 241.
The point is made by counsel for the defendants that the petition does not state a cause of action; and in considering that question it is to be remembered that it is not an action brought to recover the difference between the value of the services rendered by the defendants and the compensation received therefor by them. The petition alleges that the services were not worth the sum of $18,500, but it does not aver what the value of the services were, and is essentially a petition for the recovery of the whole sum paid by the treasurer to the defendants, and can not be regarded as a petition for the recovery of damages by reason of- excessive charges.
The petition does not allege fraud or mistake on the part of the defendants, the county treasurer or the county commissioners, or any of them. It does not allege fraud or extortion in the execution of any contract by the defendants. It does allege that the money was paid to the defendants for services rendered, and it also avers that the amount received was in excess of the real value of the services. Assuming for the purpose of the demurrer' that the money was received by the defendants without warrant of law, and therefore illegally drawn from the treasury, the plaintiff must allege facts sufficient to authorize a recovery, or the petition is demurrable. •
*63 We think the case of State, ex rel Hunt, v. Fronizer, 77 O. S., 451, is decisive of the questions in the case at bar. The syllabus of that case is:
“Section 1277, Revised Statutes, which .authorizes the prosecuting attorney to bring an action to recover back money of the county which has been misapplied or illegally drawn from the county treasury, does not anthorize the recovery back of money paid on a county commissioners’ bridge contract fully executed, but rendered void by force of Section 28346, because of the lack through inadvertence of a certificate by the county auditor that the money is in the treasury to the credit of the fund, or has been levied and is in process of collection, there being no claim of unfairness or fraud in the making, or fraud or extortion in the execution of such contract for such work,' nor any claim of effort to put the contractor in statu quo by return of the bridge, or otherwise, the same having been accepted by the board of commissioners, and incorporated as part of the public highway. ’ ’
The principle of the case, the syllabus of which we have just read, applies to the ease before us. There is no allegation in the petition that Richland county has put or offered to put the defendants in statu quo; indeed, it would be impossible to accomplish that result. The answers allege the facts, and for the purposes of the demurrer are admitted to be true, that the defendants under a contract with the county commissioners performed all legal services necessary to bring about a compromise with the executors of the estate of John Sherman, deceased, and through their efforts secured the sum of $62,500, out of which was paid the compensation agreed upon between the commissioners and the defendants, the sum of $18,500. The county commissioners could not return to the defendants the time spent by them in the prosecution of that suit, and in its preparation for trial, nor could they return any of the services rendered by the defendants. The only thing possible to be done would be to reimburse'the defendants for the expense incurred by them, and there was no offer to do that.
In the case of Hunt v. Fronizer, supra, the action was brought by the prosecuting attorney of Sandusky county, under Section 1277, Revised Statutes, to recover an amount of money paid by the county commissioners for certain bridges and repairs, with *64 out placing Fronizer, the contracting party, in statu quo.' The Supreme Court held that no recovery could be had; that the law would leave the parties where they had placed themselves.
We can see no difference in principle between the furnishing of material for the construction of bridges and labor in their construction, and services rendered by an attorney in the, prosecution of an action at law, which results in a benefit of the county. To quote the language of the Supreme Court in that case:
‘ ‘ Such a recovery is not authorized. The principle applicable to the situation is the equitable one that where one has acquired possession of the property of another, through an unauthorized and void contract, and has paid for the same, there can be no recovery back of the money paid without putting, or showing readiness to put the other party in statu quo, and that rule controls this case, unless such recovery is plainly authorized by the statute. The rule rests upon that principle of common honesty, that imposes an obligation to do justice upon any persons, natural as well as artificial, and is recognized in many cases. ’ ’
The authorities cited by counsel are beside the question presented on this demurrer, and I need only to refer counsel to the opinion in the case of Hunt v. Fronizer, supra, for an illustration of those authorities and the reasons why they are inapplicable.
Our opinion being that the petition in this case states no cause of action against the defendants, it results that the petition should be dismissed at the costs of the relator, unless it is desired to amend, in which event leave will be granted to the relator to file an amended petition. Headington v. Neff, 7 Ohio, pt. 1, 229; Railroad Co. v. Mowatt, 35 O. S., 284.